```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

DINESH MEHTA,                    :
                                 :
    Plaintiff,                  :
                                 :
v.                               :
                                 :   CASE NO. 3:10CV1617(RNC)
ACE AMERICAN INSURANCE           :
COMPANY,                         :
                                 :
    Defendant.                  :
                                 :

## RULING ON MOTION TO COMPEL

Plaintiff Dinesh Mehta brings this case individually and as administrator of his late wife's estate against defendant Ace American Insurance Company ("Ace") alleging that that he is entitled to payment under an underinsured motorist policy for fatal injuries suffered by his wife while she was crossing Main Street in East Hartford. (Doc. #1.) In September 2012, plaintiff filed the pending Motion to Compel, doc. #48, arguing that Ace has not complied with discovery requests.[1]

A motion to compel is entrusted to the sound discretion of the district court. In re Fitch, Inc., 330 F.3d 104, 108 (2d Cir. 2003). After hearing oral argument on December 18, 2012, the court rules on the discovery requests as follows:

---

[1] District Judge Robert N. Chatigny referred the motion to the undersigned. (Doc. #52.)

1.  Interrogatories 7, 13 and 14 were withdrawn by plaintiff's counsel in open court.

2.  Interrogatories 5, 6 and 10 and Production Requests 1, 2 and 5 are granted in part with the following limitations to scope.  Ace shall disclose responsive information from 2005 to the present pertaining to the standard insurance policy at issue in this case and/or the three defenses to coverage articulated by Ace.[2]

3.  Interrogatory 8 and Production Request 3 are granted. If after diligent efforts Ace concludes that no responsive communications exist, it shall provide the defendant with a sworn affidavit detailing its efforts.

4.  Interrogatories 9, 11 and 12 and Production Requests 4, 6 and 7 are granted.

Finally, any assertion of privilege as to a responsive document must be set forth in a privilege log pursuant to D. Conn. L. Civ. R. 26(e).

SO ORDERED at Hartford, Connecticut this 21st day of December, 2012.

```
            _____/s/_____
            Donna F. Martinez
            United States Magistrate Judge
```

---

[2] At oral argument, Ace asserted the following three defenses to coverage: (1) the policy was an excess policy, which is construed more narrowly than a primary policy; (2) the policy did not cover a non-occupant of the plaintiff's vehicle; and (3) plaintiff's decedent was not named in the policy.