```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

DINESH MEHTA,                   :
                                :
     Plaintiff,                 :
                                :
     v.                         :
                                :    CASE NO. 3:10CV1617(RNC)
ACE AMERICAN INSURANCE          :
COMPANY,                        :
                                :
     Defendant.                 :
```

RULING ON MOTIONS

Plaintiff Dinesh Mehta brings this diversity action individually and as administrator of his late wife's estate against defendant Ace American Insurance Company alleging that that he is entitled to payment under an underinsured motorist policy for fatal injuries suffered by his wife while she was crossing Main Street in East Hartford. (Doc. #1.) Pending before the court are plaintiff's Second Motion to Compel (doc. #62) and Motion for Extension of Time (doc. #63) and defendant's Motion for Order deeming facts admitted (doc. #64).[1]

   A.  Second Motion to Compel

      1.  Procedural History

In July 2012, defendant objected to certain discovery requests on grounds of privilege. (Doc. #48-1.) In September 2012, plaintiff filed his first motion to compel. (Doc. #48.)

---

[1] District Judge Robert N. Chatigny referred the motions to the undersigned. (Doc. #65.)

The court granted the motion in part and reminded defendant that "any assertion of privilege as to a responsive document must be set forth in a privilege log pursuant to D. Conn. L. Civ. R. 26(e)." (Doc. #58.) The court subsequently granted defendant's request for an extension of time to respond to the requests. (Doc. #60.)

In February 2013, defendant served a privilege log on plaintiff claiming that certain responsive documents were protected from disclosure by the attorney-client privilege and the work product doctrine. (Doc. #62 at 10.) In April 2013, plaintiff filed the pending Second Motion to Compel. (Doc. #62.) At oral argument on May 24, 2013, the court observed that the privilege log was not sufficiently detailed and directed defendant to submit a sample of the allegedly privileged documents for in camera review. See Fed. R. Civ. P. 25(b)(5)(A) (privilege log must contain sufficient detail to "enable other parties to assess the claim").

    2.  Legal Standard

A motion to compel is entrusted to the sound discretion of the district court. In re Fitch, Inc., 330 F.3d 104, 108 (2d Cir. 2003). "The burden of establishing the existence of an attorney-client privilege, in all of its elements, rests with the party asserting it." Bolorin v. Borrino, 248 F.R.D. 93, 95 (D. Conn. 2008) (internal citations and quotation marks

2

omitted).  "[A] privilege log must be sufficiently detailed to permit a judgment as to whether the document is at least potentially protected from disclosure, and other required information should be submitted in the form of affidavits or deposition testimony."[2]  Id. (citation omitted).  See also Rule 26(b)(5)(A) (party asserting privilege must provide sufficient detail to "enable other parties to assess the claim").

"[I]n a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision."  Fed. R. Evid. 501.  Thus, a federal court sitting in diversity applies state law to attorney-client privilege issues but federal law to those involving work product.  EDO Corp. v. Newark Ins. Co., 145 F.R.D. 18, 21 (D. Conn. 1992).  The party invoking the privilege bears the burden of establishing all of the elements of the privilege.  PSE Consulting, Inc. v. Frank

---

[2]Here, defendant initially objected to the discovery requests but provided no privilege log.  The court allowed defendant to submit a privilege log, but the privilege log was insufficient.  The court then invited defendant to submit a sample of the allegedly privileged documents for in camera inspection.  Instead of a sample, defendant submitted the full set of allegedly privileged documents (minus one).  Most the Bates-stamped pages are duplicates of other pages.  Defendant did not submit an affidavit to clarify essential details such as the relationship between the individuals named in the documents.  See United States v. Constr. Prod. Research, 73 F.3d 464, 473 (2d Cir. 1996) (denying claim of privilege because of deficiencies including "the glaring absence of any supporting affidavits or other documentation").  Defendant's languid approach to its claims of privilege has resulted in unnecessary and wasteful delay.

3

Mercede and Sons, Inc., 267 Conn. 279, 330 (2004); United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers of Am., AFL-CIO, 119 F.3d 210, 214 (2d Cir. 1997).

The attorney-client privilege, as applied in the Connecticut courts, "protects both the confidential giving of professional advice by an attorney acting in the capacity of a legal advisor to those who can act on it, as well as the giving of information to the lawyer to enable counsel to give sound and informed advice." Metropolitan Life Ins. Co. v. Aetna Casualty & Surety Co., 249 Conn. 36, 52, 730 A.2d 51, 60 (1999). "Exceptions to the attorney-client privilege should be made only when the reason for disclosure outweighs the potential chilling of essential communications." Id. Subject to the "common interest" rule, once a privileged communication has been disclosed purposely to a third party, the attorney-client privilege is waived. United States v. United Technologies Corp, 979 F. Supp. 108, 111 (D. Conn. 1997).

The work product doctrine, as applied in federal courts, shields from disclosure documents and other materials prepared in anticipation of litigation or trial by a party or a party's representative, absent a showing of substantial need and the inability to obtain the substantial equivalent without undue hardship. Fed. R. Civ. P. 26(b)(3). "Where a document was created because of anticipated litigation, and would not have

4

been prepared in substantially similar form but for the prospect of that litigation, it falls within Rule 26(b)(3)." United States v. Adlman, 134 F.3d 1194 (2d Cir. 1998).  In the context of insurance claims, courts "must be careful not to hold that documents are protected from discovery simply because of a party's 'ritualistic incantation' that all documents created by insurers are made in preparation for litigation, and mindful of the fact that insurer-authored documents are more likely than attorney-authored documents to have been prepared in the ordinary course of business, rather than for litigation purposes."  QBE Ins. Corp. v. Interstate Fire & Safety Equipment Co., Inc., No. 3:07CV1883(SRU), 2011 WL 692982, at *2-3 (D. Conn. Feb. 18, 2011) (quoting Weber v. Paduano, No. 02cv3392 (GEL), 2003 WL 161340, at *4 (S.D.N.Y. Jan. 22, 2003).

    3.  Discussion

The court has reviewed defendant's allegedly privileged documents in camera.  Most of them are emails by and with defendant's claims specialist, an attorney, prior to the coverage decision.  "An insurance company may not insulate itself from discovery by hiring an attorney to conduct ordinary claims investigations. . . .  [T]o the extent an attorney acts as a claims adjuster, claims process supervisor, or claims investigation monitor, and not as a legal advisor, the attorney-client privilege does not apply."  First Aviation Services, Inc.

v. Gulf Ins. Co., 205 F.R.D. 65, 69 (D. Conn. 2001) (internal citations and quotation marks omitted).  In short, documents connected to an insurance claims investigation are privileged only if they are "truly confidential inquiries or responses to counsel concerning legal advice, rather than the insurance claims."  Reichhold Chemicals, Inc. v. Hartford Acc. and Indem. Co., No. CV880160018S, 2000 WL 1227306, at *4 (Conn. Super. Aug. 15, 2000).  Although defendant's claims specialist was an attorney, the attorney-client privilege does not apply to her work on the claims investigation.

The remaining documents are a privileged email from defendant's in-house counsel containing legal advice, a privileged post-complaint coverage opinion by outside counsel, and post-complaint internal communications prepared in anticipation of trial.  In light of the foregoing, the court rules on plaintiff's Motion to Compel as follows:

    1.  The plaintiff does not seek disclosure of Bates No. 000001-000004 and 000016-000018.  (See Pl.'s Mem., doc. #62 at 1.)  As to those documents, the motion is denied as moot.

    2.  The motion is DENIED as to Bates No. 000027-000030.

    3.  The motion is DENIED as to Bates No. 000031, 000126 and 000147, which are duplicates.

    4.  The motion is DENIED as to Bates No. 00172-00173, 000174, 000179-000182.

5. The motion is GRANTED as to Bates No. 000131, 000158 and 000165, which are duplicates. Defendant has not made any showing to explain the relationship between its claims specialist and the recipient of the email, Brian Foti. Defendant has failed to meet its burden of establishing that the privilege applies, and the document must be disclosed.

6. The motion is GRANTED as to all other documents listed on defendant's privilege log dated February 4, 2013 (doc. #62 at 10-12).

B. <u>Other Motions</u>

Plaintiff's Motion for Extension of Time (doc. #63) is GRANTED. Plaintiff's opposition to defendant's Motion for Summary Judgment (doc. #54) is due by **July 9, 2013.**

Defendant's Motion for an Order deeming facts admitted (doc. #64) is DENIED.

SO ORDERED at Hartford, Connecticut this 18th day of June, 2013.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge